# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| ANTOINETTE MICHELE HUDSON,<br><br>Plaintiff,<br><br>v.<br><br>HARRIS TEETER, LLC, *et al.*,<br><br>Defendants. | Civil Action No. 17-0372 (ESH) |

## MEMORANDUM OPINION

Plaintiff Antoinette Hudson sued defendant Harris Teeter, LLC, based on an incident in May 2015, when Hudson alleges that she slipped, fell, and sustained injuries as a result of applesauce left on the supermarket floor. (Compl. ¶¶ 6–7, 12, ECF No. 1-1.) Harris Teeter has filed a motion for summary judgment, arguing that the undisputed facts are legally insufficient to support Hudson's negligence claim. (Def.'s Mot. Summ. J., ECF No. 24 ("Mot.").) Upon consideration of the pleadings and the record before it, the Court concludes that Hudson has failed to show that a genuine issue of material fact exists and thus grants defendant's motion for summary judgment.

## BACKGROUND

### I. FACTS

On May 26, 2015, plaintiff Antoinette Hudson and her work supervisor, Boyle Stuckey, went together to a Harris Teeter supermarket in northeast Washington, D.C., to buy lunch. (Pl.'s Opp. Mot. Summ. J. at 2, ECF No. 25 ("Opp."); *see* Mot. ¶ 1.) Hudson and Stuckey were talking and walking from the dairy section to the front of the store when Hudson "slipped on applesauce

that was on the floor, and attempting to brace herself struck her left shoulder and head on a display of mayonnaise jars before finally falling on her right hip." (Opp. at 2 (citing Pl.'s Ex. 1, at 41–46, ECF No. 25-1); *see* Mot. ¶ 2.)  No Harris Teeter representative was nearby, so Stuckey "left to get the manager, Charles Magaraci." (Opp. at 2 (citing Pl.'s Ex. 2, at 18, ECF No. 25-2).)  Hudson told Magaraci that "she had hurt her hip and felt dizzy." (*Id.* at 3 (citing Pl.'s Ex. 1, at 49–50).)  She then left the Harris Teeter with Stuckey and returned to work, but she soon left and "drove herself to an urgent care center for treatment." (*Id.* (citing Pl.'s Ex. 1, at 54–56).)

Neither Hudson nor Stuckey saw the applesauce before Hudson fell, nor do they know when or how the applesauce came to be on the floor.  (Mot. ¶¶ 3–5; Opp. ¶¶ 3–6.)  Hudson and Stuckey also do not know whether anyone from Harris Teeter knew the applesauce was on the floor.  (Mot. ¶¶ 7–8; Opp. ¶¶ 7–8 (citing Pl.'s Ex. 1, at 50; Pl.'s Ex. 2 at 19).)  Hudson adds that she and Stuckey testified in their depositions that they saw someone stocking wine near where she fell, that Hudson "remembers the unknown wine stocker as the person who cleaned up the mess," and that Stuckey "believed the Harris Teeter Manager [Magaraci] actually instructed the wine stocker to do so." (Opp. ¶¶ 7–8 (citing Pl.'s Ex. 1, at 50–51; Pl.'s Ex. 2, at 19).)

It is also undisputed that Harris Teeter uses a "'Gleason System' for tracking store inspections," and that the Gleason Report for the day in question indicates that "checks were made every hour and that the area of the fall was marked 'clear.'" (Opp. ¶ 10 (citing Pl.'s Ex. 5, ECF No. 25-5); Def.'s Reply Mot. Summ. J. at 2, ECF No. 26 ("Reply").)

## II.   PROCEDURAL HISTORY

Plaintiff filed her complaint in the Civil Division of the Superior Court of the District of Columbia on January 23, 2017.  (Compl. at 3.)  Harris Teeter filed a notice of removal and an answer to the complaint on March 2, 2017.  (ECF No. 1; Answer, ECF No. 2.)  After discovery,

on December 6, 2017, Harris Teeter moved for summary judgment. (Mot., ECF No. 24.)

## STANDARD OF REVIEW

"[T]he plain language of [Federal Rule of Civil Procedure] 56(c) mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). Although "[t]he evidence of the non-movant is to be believed, and all justifiable inferences are to be drawn in [her] favor," *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986), a mere "scintilla of evidence in support of the plaintiff's position will be insufficient; there must be evidence on which the jury could reasonably find for the plaintiff." *Id.* at 252. Stated in a context similar to the one at bar, "[w]hile it is true that plaintiff is entitled to every legitimate inference which may be deduced from the evidence, she is not entitled in the absence of any evidence as to how long the alleged defect existed, to have a jury speculate in her favor on this essential element." *Jones v. Dist. of Columbia*, 123 A.2d 364, 366 (D.C. 1956).

## ANALYSIS

In its motion for summary judgment, Harris Teeter argues that Hudson has failed to present the evidence necessary to make out an essential element of her legal claim for negligence. (Mot. at 6–9.) Hudson argues in response that she has either presented the necessary evidence, or that defendant's evidence is unreliable. (Opp. at 5–7.) The Court finds that Hudson has not met her burden.

"To succeed in a negligence action under District of Columbia law, the plaintiff bears the burden of proof on three issues: the applicable standard of care, a deviation from that standard by the defendant, and a causal relationship between that deviation and the plaintiff's injury."

*Martin v. Omni Hotels Mgmt. Corp.*, 206 F. Supp. 3d 115, 121 (D.D.C. 2016). Where liability is "predicated upon the existence of a dangerous condition it is necessary to show that the party against whom negligence is claimed had actual notice of the dangerous condition or that the condition had existed for such length of time that, in the exercise of reasonable care, its existence should have become known and corrected." *Sullivan v. AboveNet Comm'ns, Inc.*, 112 A.3d 347, 356 (D.C. 2015) (quoting *Anderson v. Woodward & Lothrop*, 244 A.2d 918, 918 (D.C. 1968) (per curiam)). "The negligence of a store proprietor in such a case is premised on an obligation of due care to protect customers from risks created by employees or risks created by other customers." *Safeway Stores, Inc. v. Morgan*, 253 A.2d 452, 453 (D.C. 1969). If she cannot show actual notice, "it is incumbent upon the injured customer to establish a factual predicate sufficient to support a finding that the condition existed for such length of time that it should have become known and have been corrected." *Id.* To so establish, "facts must be presented from which a reasonable inference of constructive notice can be drawn." *Id.*

Notice is a question ordinarily left for the jury, but where there is no testimony about how a "substance came to be on the floor or how long it had been there, or that any employee of [defendant] knew of its existence," the court may properly decide the case as a matter of law "because of [the] failure to present prima facie proof of liability." *Anderson*, 244 A.2d at 919. "Although each case has its own peculiar circumstances, the duration of the alleged hazard is an important factor in establishing constructive notice." *Wilson v. Wash. Metro. Area Transit Auth.*, 912 A.2d 1186, 1190 (D.C. 2006). "If a plaintiff can conclusively establish that a foreign object was present on the ground for a specific amount of time, it can become a question for the jury as to whether the defendant had constructive notice given the amount of time the hazard was present." *Kindig v. Whole Foods Market Grp., Inc.*, 930 F. Supp. 2d 48, 52 (D.D.C. 2013). But

4

"proof of the period of time during which a condition might have existed does not permit an inference that the condition did exist during that entire period or any substantial part of it." *Hines v. Safeway Stores, Inc.*, 379 A.2d 1174, 1175 (D.C. 1978). "[W]hen a plaintiff proves only that a hazard existed for an undetermined period of time, she has not shown that the defendant had constructive notice." *Martin*, 206 F. Supp. 3d at 128.

Harris Teeter argues that Hudson has failed to present evidence that Harris Teeter had notice of the applesauce on the floor. (Mot. at 7–8.) As to actual notice, Hudson responds that "Stuckey testified that he seemed to remember the wine stocker stating that he had 'told them [Harris Teeter] about it [the dangerous condition]' prior to [] Hudson's fall." (Opp. at 5 (citing Pl.'s Ex. 2, at 38).)[1] As to constructive notice, Hudson argues that there had been no inspection of the area where she fell "for approximately 59 minutes" and that Harris Teeter's "'Gleason System' is demonstrably inadequate in establishing a record of safety conditions, as it failed to record the spill that resulted in Ms. Hudson's injury fall less than 10 minutes after" it had occurred. (*Id.* at 6.)

First, Hudson's actual notice argument is flawed since Hudson admits that she does not know whether any "official Harris Teeter employee knew of the alleged applesauce." (*Id.* ¶¶ 7–8.) Even without this concession, however, her argument is doomed because Stuckey's testimony is equivocal, based on a vague memory, and thus cannot be credited. *See Martin*, 206 F. Supp. 3d at 123 ("At the summary judgment stage, the Court must assess whether there is sufficient non-speculative evidence to support a verdict in favor of the non-movant."). Stuckey

---

[1] Plaintiff cites Stuckey's deposition to support this statement, but the quoted portion of the deposition actually appears on page 37, which is not included in plaintiff's excerpted version. Defendant includes the deposition in full, and so the discussion that follows refers to defendant's exhibit. (Def.'s Ex. 3, at 37, ECF No. 24-3.)

responded to a question about whether the wine stocker had seen the applesauce before Hudson fell by saying, "I'm not sure. And I kind of recollect him saying—making a comment, something like he told them about it or something like that, but I'm not sure." (Def.'s Ex. 3, at 37, ECF No. 24-3.) Veiled in uncertainty, this statement does not constitute even a scintilla of evidence, let alone more. *See Liberty Lobby*, 477 U.S. at 252 ("[T]here must be evidence on which the jury could reasonably find for the plaintiff."). Finally, even if Stuckey's memory were reliable about what was said, when and to whom, there would be no affirmative evidence that the wine vendor was a Harris Teeter employee, so the statement is inadmissible hearsay. *See* Fed. R. Civ. Proc. 56(c)(2); Fed. R. Evid. 801(c). In fact, to the extent that there is any evidence of the wine stocker's relationship to Harris Teeter, that evidence tends to suggest that he was not an employee. (*See* Def.'s Ex. 3, at 23–24 (Stuckey: ". . . I don't know if he worked for Harris Teeter. I think they might be, like, vendors . . . that stock the shelves."); *see also id.* at 24 (Stuckey noting that he is familiar with "how grocery stores work" and that the man nearby "was probably a vendor stocking the shelves because he didn't have—because the people that work there, they have certain shirts on and he didn't have one of those shirts").) Plaintiff has therefore failed to offer any evidence that Harris Teeter had actual notice of the spilled applesauce.

Second, Hudson's constructive notice argument is equally flawed. After admitting that she has no evidence to show how long the applesauce was on the floor and admitting that neither she nor Stuckey could "say with certainty whether an official Harris Teeter employee knew of the alleged applesauce," (Opp. ¶¶ 7–8), Hudson argues that it is enough to show that defendant's system for recording spills and maintaining safe conditions is inadequate. (Opp. at 6.) There is no evidentiary support for the claim that Harris Teeter's system is inadequate, but perhaps more importantly, Hudson also fails to demonstrate how this alleged inadequacy would be relevant to

the Court's analysis because it is unrelated to whether Harris Teeter had notice of the applesauce. "[F]rom this record no reasonable jury could conclude that the [applesauce was on the floor] '. . . for such a duration of time that had reasonable care been exercised the hazard would have been discovered.'" *See Martin*, 206 F. Supp. 3d at 128 (quoting *Wilson*, 912 A.2d at 1190). Establishing evidence that could show how long the applesauce was on the floor is Hudson's burden and she has not carried it.

## CONCLUSION

Defendant's motion for summary judgment is granted and the case is dismissed because the plaintiff failed to show that a genuine issue of material fact exists. A separate Order, ECF No. 28, accompanies this Memorandum Opinion.

Date: February 12, 2018
/s/ *Ellen Segal Huvelle*
ELLEN SEGAL HUVELLE
United States District Judge